IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FORREST GENE HENDERSON,      )
                             )
            Petitioner,      )
                             )
v.                           )      Case No. CIV-05-1486-T
                             )
RANDALL G. WORKMAN, Warden,  )
                             )
            Respondent.      )

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by

United States Magistrate Judge Doyle W. Argo pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Argo

recommends denial of habeas corpus relief under 28 U.S.C. § 2241. Petitioner has filed a timely

written objection. Thus the Court must make a de novo determination of portions of the Report to

which specific objection is made, and may accept, modify, or reject the recommended decision in

whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner, a state prisoner appearing *pro se*, seeks to correct alleged constitutional violations

in a prison disciplinary proceeding. Respondent has opposed the Petition on grounds that Petitioner

has failed to exhaust state court remedies and that his claims lack merit. After thorough review and

analysis of the issues, Judge Argo finds Petitioner has no available judicial remedy and, therefore,

recommends a merits decision. Judge Argo further finds Petitioner has no meritorious claim and,

therefore, recommends denial of the petition.

Petitioner objects to Judge Argo's findings and recommendation on the following grounds:

(1) the Report omits or misstates important facts shown by the record; (2) the Report relies entirely

on materials submitted by Respondent, which demonstrates bias by Judge Argo and warrants either a remand for further factual development or careful scrutiny of Judge Argo's conclusions;[1] (3) Judge Argo erroneously finds no due process problem in the prison's violation of written procedures of the Oklahoma Department of Corrections for timely hearings; (4) Judge Argo erroneously concludes Petitioner received an opportunity to present documentary evidence; (5) Judge Argo erroneously concludes the "some evidence" standard of *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), is met; (6) Judge Argo fails adequately to address Petitioner's equal protection arguments; and (7) Judge Argo neglects Petitioner's other due process arguments, namely, that the hearing officer's statement of reasons for the disciplinary action is inadequate, that the hearing officer was not impartial because he was involved in investigating the charge, and that the use of an individual fact-finder rather than a multi-person tribunal or committee violates due process.[2]  Each will be addressed, although not in the order presented.

1.      Judicial Bias

Petitioner contends Judge Argo unfairly accepts Respondent's view and evidence, ignores Petitioner's evidence, and thus demonstrates judicial bias.  The Court's review of the record reveals that, although Judge Argo does cite exclusively to exhibits submitted by Respondent, these same exhibits were submitted by Petitioner in far less legible form.  In fact, once scanned and uploaded to the Court's electronic case filing system, some pages of Petitioner's exhibits, such as the handwritten "Offense Report," are mostly illegible.  Also, Judge Argo actually takes into account

---

[1]  *Petitioner suggests requiring a report pursuant to Martinez. v. Aaron, 570 F.2d 317 (10th Cir. 1978), or convening an evidentiary hearing.  The Court finds neither to be warranted.*

[2]  *Petitioner's contention that a disciplinary committee composed of only one person also violated a state statute, Okla. Stat. tit. 57, § 138(F), does not raise a federal constitutional issue and is, therefore, disregarded.*

facts stated in Petitioner's affidavit (incorporated into his brief at pages 21-23), but in arguing his objection, Petitioner overstates many of those facts, as discussed below.  Further, Judge Argo plainly does not accept Respondent's view entirely.  As noted by Petitioner, Judge Argo corrects an error in Respondent's statement of Petitioner's sentence (Report & Recom. at 1, n.1) and rejects Respondent's position on exhaustion of state remedies.  In short, the Court finds Petitioner's accusation of judicial bias is unfounded.

2.   Factual Errors or Omissions

Petitioner contends  Judge Argo has omitted or misstated several facts, although Petitioner "concedes the [remaining] facts are essentially sound."  (Objection at 6.)  After careful review of the factual record, the Court finds one point on which Judge Argo was incorrect but finds this error does not affect the resolution of Petitioner's claims.

Judge Argo correctly summarizes the offense report, the investigator's report, the incident report, and the record of chemical abuse testing.  Petitioner takes issue with a statement in the investigator's report that Petitioner said his medication was being held in the property office because he was not allowed to have it at the facility. (Objection at 4.)  Petitioner alleges the medication remained in the property office because the property officer did not follow proper procedures and turn it over to the health services office.  This alleged fact is unsupported by any citation to the record and, in any event, is immaterial to the legal analysis.

Petitioner next complains that Judge Argo omits any finding regarding Petitioner's evidence that the nonprescription medication, Prilosec O.T.C., can cause a false positive result for THC on the type of drug screening test used by the Department of Corrections (DOC).  Petitioner also states Prilosec O.T.C. is "widely available" to the public and  "readily used" by DOC inmates.  (Objection

at 4.)  This latter fact also is not supported by any citation to the record.  To the extent Petitioner suggests DOC inmates could properly obtain Prilosec without going through a facility's health services office, the allegation is contrary to the record.[3]  In any event, the facts concerning Petitioner's defense to the misconduct charge – that he had taken Prilosec, which is known to cause a positive THC result – were developed during the administrative process and are correctly stated by Judge Argo.  (Report & Recom. at 3, 9.)

Petitioner also complains that Judge Argo does not state in detail all evidence concerning the investigation of Petitioner's defense.  Petitioner states the hearing officer, Lt. Powell, confirmed before the hearing that Petitioner was taking Prilosec O.T.C. but this information was excluded from the record on the order of the facility's chief security officer.  In fact, the record shows, at most, that Lt. Powell found in the property office an empty box of Prilosec O.T.C. bearing Petitioner's name and identification number.  (Petition at 21, ¶ 13.)[4]  As stated above, Judge Argo discusses evidence concerning Petitioner's defense, and the Court finds the material facts are sufficiently presented.

Petitioner does correctly note one error.  Although the record shows two positive THC test results, these came from the initial and confirmation tests of one urine specimen.  (Response, Ex. 1 at 4.)  Judge Argo mistakenly states Petitioner "provided two urine samples that tested positive for THC."  (Report & Recom. at 10.)  Also, statements that Petitioner was found guilty based on two positive urinalyses should be qualified to state that both used the same urine specimen.  (Report &

---

[3] *The reviewer of Petitioner's misconduct appeal noted that the facility to which Petitioner had been assigned did not sell Prilosec in the canteen, and Petitioner countered that the health services office at the facility did sometimes issue Prilosec for treatment of acid reflux disease.*

[4] *Also, Petitioner's affidavit states that the chief of security ordered Lt. Powell to disregard information that Prilosec might have affected Petitioner's test result, but it provides no support for argument in Petitioner's objection that the chief of security ordered evidence destroyed.  (Petition at 21, ¶ 16; Objection at 5.)*

Recom. at 3, 8)  With this minor correction, Judge Argo's statement of facts is approved and adopted.

3.     Denial of Opportunity to Present Evidence

Petitioner claims he was denied due process because he was not allowed to present documentary evidence to support his defense of Prilosec use.  His objection to Judge Argo's analysis of this claim primarily rests on disagreements over factual statements.  His objection does not refute Judge Argo's conclusion, however, that Petitioner has failed to identify any available evidence that he requested, or even desired, but that he was denied an opportunity to present.  Petitioner instead argues that the investigation was inadequate or flawed and that the actions of various persons before the hearing caused evidence to be lost or disregarded.  To the extent his argument rests on a contention that Prilosec medication belonging to him was found in the property office, this contention is factually unsupported; only an empty box was found.  He has not identified any document that might show he was approved for Prilosec use or had a medical condition requiring it.  Finally, he has not shown the relevance to his defense of a full drug screening report showing negative results for other substances, assuming such a report exists or is routinely generated during testing.  In short, the Court concurs in Judge Argo's conclusion that this claim lacks merit.

4.     Sufficiency of Evidence

Petitioner objects to Judge Argo's conclusion that a positive drug test result provides "some evidence" to support his disciplinary conviction for illegal drug use.  Petitioner contends an alternate test should be required, particularly when an inmate reports he was taking a medication that is known to cause false positive results.  Neither the law nor the facts of this case warrant such a requirement. The record reflects only inconsistent and unverified claims by Petitioner concerning

Prilosec use.  The drug testing report reflects that Petitioner did not inform prison staff at that time of the tests that he was taking any medications.  (Response, Ex. 1 at 4.)  Petitioner told the investigator he was taking a nasal infection medication; Prilosec treats frequent heartburn and conditions related to excess stomach acid.  (Response, Ex. 1 at 2.)  The hearing was delayed to obtain information that might verify Petitioner's claim, but inquiries of the property and medical offices yielded only an empty box.  In short, Petitioner's sufficiency-of-the-evidence challenge lacks merit.

5.    Other Due Process Issues

Petitioner also claims he was denied due process because a singe fact finder determined his guilt and because this person, Lt. Howell, became involved in the investigation.  As to the first issue, Petitioner has presented no legal authority for the proposition that a prison disciplinary proceeding must  be a conducted or decided by multi-person tribunal, and the Court is aware of none.  As to the issue of impartiality, the concern is whether Lt. Howell's involvement deprived Petitioner of a meaningful opportunity to be heard or whether discipline was imposed for an improper purpose. *Mitchell v. Maynard*, 80 F.3d 1433, 1446 (10th Cir. 1996).  Neither issue is presented here. Therefore, the Court concurs in Judge Argo's conclusion that these claims lack merit.

6.    Timeliness of Hearing

Petitioner claims he was denied timely due process because DOC regulations concerning the timing of disciplinary hearings were not followed.  Judge Argo correctly concludes that this claim fails to state a federal constitutional violation.

7.    Equal Protection

Petitioner claims DOC's policy of mandatory sanctions for certain offenses, which has now been amended but was applied to him, resulted in a classification of inmates that bore no rational relation to any legitimate penological interest.  The Court concurs in Judge Argo's conclusion that this claim is unfounded.

CONCLUSION

Therefore, the Court adopts Judge Argo's Report and Recommendation [Doc. 18].  The Court denies the Petition for a Writ of Habeas Corpus [Doc. 1] for lack of merit.  Judgment will be entered accordingly.

IT IS SO ORDERED this 31st day of August, 2006.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE